194 So.2d 250 (1967)
James A. TREVERROW, Petitioner,
v.
STATE of Florida, Respondent.
No. 35311.
Supreme Court of Florida.
January 25, 1967.
*251 A.K. Black, Lake City, for petitioner.
Earl Faircloth, Atty. Gen., and Thomas E. Boyle, Asst. Atty. Gen., for respondent.
SACK, Circuit Judge.
We granted certiorari on an alleged conflict between the decision below of the District Court of Appeal, First District, in Treverrow v. State of Florida, Fla., 184 So.2d 473, and our opinions in Cooper v. State, Fla., 143 So. 217, and Chacon v. State, 102 So.2d 578, and Harrington v. State, 110 So.2d 495.
At issue are the questions of the sufficiency of the affidavit upon which the search warrant was issued and the right of the defendant-petitioner to have disclosed to him the name of the informer. The Beverage officer's affidavit contained the following material language:
"On Wednesday, January 6, 1965, a reliable confidential informer told me that about two days prior to this date, he saw two metal drums containing fermented mash inside the above described premises."
It will be seen that the agent here affirmed under oath: (a) that the information given him was by one whom he considered reliable, and (b) that the information consisted of a direct observation by the informer of the presence of the mash inside the premises in question.
In the Cooper case, supra, the affidavit only said:
"That the aforesaid belief of affiant is based upon the following facts; upon information furnished affiant by parties who have knowledge of such sale and possession and whom affiant believes to be truthful and reliable."
This affidavit stated no factual basis for the alleged knowledge of the informer. Such knowledge could have been based on hearsay or hearsay on hearsay. It contained no statement that the informer had seen or participated in the sale or the possession of the liquor. As we pointed out in our opinion:
"It will be observed that this language does not state any fact on which such *252 reason or belief is based, but is equivalent only to an allegation `that affiant has reason to believe and does believe, on information and belief.'"
While the information given to the officer in the case sub judice came from a third person and would not be admissible at the trial of the cause, yet in Chacon, supra, we announced that the information forming the basis for a search warrant is not to be measured by its admissibility as evidence in the trial of the case. Harrington v. State, supra, lends no support to Petitioner's contention. Accordingly, we find no conflict on the question of the sufficiency of the affidavit.
As to the necessity for disclosure of the identity of the informer, the applicable principles were laid down by the District Court of Appeal, Second District in Spataro v. State, Fla., 179 So.2d 873, where they said:
"As to the question when the privilege of non-disclosure applies and when an exception should be made and disclosure required, no `fixed rule * * * is justifiable.' Roviaro v. United States [353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639] supra. As the Supreme Court stated in Roviaro:
`The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' (Emphasis supplied.) 353 U.S. 53, 62, 77 S.Ct. 628.
Other factors which are considered relevant in determining whether disclosure is required are set forth in an annotation on the subject in 76 A.L.R.2d at page 262. Some of the factors are whether it was necessary for the prosecution to refer to the informer in the presentation of the case, or whether the informer's existence was first brought out on cross-examination by the defendant; whether the informer was an `active participant' in the offense with which the defendant is charged or is a `mere informer' who supplies a `lead'; whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused's guilt. The foregoing factors are only some of those considered in determining whether the privilege is applicable and is not intended to be all inclusive."
In this case, however, the defense gave no intimation whatsoever as to what would be accomplished by a disclosure. There was no motion for a disclosure prior to trial, nor was the subject mentioned in the defendant's motion for a new trial. The subject only arose during cross-examination of one of the Beverage Agents, when he was asked:
"In that Search Warrant isn't it * * *, in that Search Warrant, it alleges that somebody told you, but you don't tell anybody who it was, would you mind telling the jury today who it was, that told you that they saw moonshine * * *, saw mash out there suitable for making moonshine whiskey, would you tell the jury?"
The question was objected to by the State, and in reply defense counsel simply asserted: "I have him on cross-examination."
Clearly, since it is the State which has the privilege of non-disclosure, the burden is upon the defendant claiming an exception to the rule to show why an exception should be invoked. From the foregoing history of the transcript no reason whatever was given except a rhetorical *253 approach to the jury. The second point is clearly without merit.
Finding no conflict the writ of certiorari is discharged.
THORNAL, C.J., and DREW and CALDWELL, JJ., concur.
THOMAS, J., agrees to conclusion.