SMITH, CULVER, Associate Judge.
Appellant takes this appeal from his conviction on two counts of aiding and assisting in the conducting of a lottery. Four points are urged as grounds for reversal. Point One is whether the trial court erred in denying appellant’s motion and requests for disclosure of the confidential informant.
The State’s case consisted primarily of the testimony of James Bates, a beverage agent who was able to infiltrate a lottery operation through the use of a confidential informant who had become unhappy with the organization. This informant was identified only as “Clarence”.
According to the testimony of Bates, he and Clarence made pickups of lottery slips from appellant on two different dates. Another agent, Wise, examined them and identified them as lottery slips. Bates and Clarence then took the slips to their usual drop-off place. Wise testified that the slips had to be left in circulation in order for the investigation to continue.
The trial of appellant was scheduled to begin August 28, 1973. A few days before that defense counsel learned that “Clarence”, the informer, was a Clarence Harvard and attempted to subpoena him but was unsuccessful. The informant was never produced. On the day of trial defense counsel informed the court concerning Clarence Harvard and that he considered Harvard to be an essential witness who could present exculpatory evidence. The court was requested to issue an instanter subpoena. The State moved for a continuance. This motion was resisted by the defense because of its fear that the State’s motive was that it wanted to talk to Harvard before he was brought into court. In addition, defense had learned that Harvard was leaving town. The court granted the State’s motion for continuance, and trial *297 was reset for August 31, 1973. Harvard was served with a subpoena to appear at the State Attorney’s office on August 29th, and in court on August 31st. Harvard left for the army on August 29th and did not appear at either place. The defense on several occasions during the trial, moved for disclosure of the name of the informant. The trial court finally granted the motion. Thereafter the State announced that it would not reveal the informant’s name. The defense then moved for a dismissal. The trial judge thereupon rescinded his previous ruling and allowed the trial to continue.
The law in regard to the disclosure of a confidential informant is thoroughly discussed in the United States Supreme Court case of Roviaro v. United States, (1957) 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. The basic holding of this case was that the State enjoys the privilege of non disclosure of a confidential informer but that exceptions exist under certain circumstances requiring a disclosure for the fair preparation of a defense. The Florida Supreme Court has set forth factors to be considered in the determination of whether disclosure is required. In Treverrow v. State (Fla.1967), 194 So.2d 250, the court stated:
“Some of the factors are whether it was necessary for the prosecution to refer to the informer in the presentation of the case, or whether the informer’s existence was first brought out on cross-examination by the defendant; whether the informer was an ‘active participant’ in the offense with which the defendant is charged or is a ‘mere informer’ who supplies a ‘lead’; whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused’s guilt.”
In the instant case, the prosecution, of necessity, continuously referred to the informer in the presentation of its case. The informer did not merely supply a lead, nor was he merely present. The evidence clearly shows that he was an active participant in the transactions. Further, he was the only witness who was in a position to amplify or contradict the testimony of the witnesses for the State. Finally, we note that the trial judge apparently agreed that under the law disclosure of the informant should have been made, but that he did not believe the law was right.
It is our conclusion that appellant’s Point One is well taken, and that the trial court’s ruling in refusing appellant’s request to compel the disclosure of the name of the informant Harvard, constitutes reversible error, requiring the granting of a new trial to appellant. It follows that appellant’s other points which do not appear to raise reversible error, need not be discussed.
Reversed and remanded for the granting of a new trial.
WALDEN and MAGER, JJ., concur.