312 So.2d 229 (1975)
Eddy HAWKINS, Appellant,
v.
STATE of Florida, Appellee.
No. V-55.
District Court of Appeal of Florida, First District.
May 9, 1975.
*230 Jeffrey H. Barker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The issue here is whether the trial court erred by denying defendant-appellant's motion to compel the State-appellee to disclose the identity of a confidential informant. The trial court was correct and we affirm.
As a result of a meeting between an undercover agent for the State and a confidential informant, the agent and informant proceeded to defendant's mobile home for the purpose of the agent buying illegal drugs from defendant. The agent was introduced to defendant by the informant and after general conversation concerning narcotics, the defendant indicated he had some mescaline for sale. The agent made the purchase from the defendant. The entire transaction was between the agent and the defendant, though the informant may have initially inquired if anyone had anything to sell. Approximately two months later, the agent made another purchase from the defendant.
The burden is upon a defendant claiming an exception to the non-disclosure rule to show why an exception should be invoked. Treverrow v. State, 194 So.2d 250 (Fla. 1967). A motion for disclosure or the evidence must show that the informant's testimony is relevant and material to the establishment of a defense the defendant has or proposes to present. Doe v. State, 262 So.2d 11 (Fla.App. 1972).
Disclosure of a confidential informant depends on the particular circumstances of each case. Among the relevant factors to be considered in determining whether disclosure is required are: whether the informant was an active participant in the offense; possible significance of the informant's testimony; and whether it was necessary for the prosecutor to refer to the informant in the presentation of the case. Treverrow v. State, supra.
Defendant's motion for disclosure, filed and heard by the trial court immediately before the commencement of the trial, merely stated that without disclosure of the informant's identity, defendant could not prepare a defense. Not only was the motion untimely, but failed to refer to an existing or proposed defense to which the informant's testimony was relevant or material.
Though the informant went with the undercover agent to defendant's mobile home, participated in general conversation, and may have initially inquired if anyone had anything to sell, the agent and the defendant were the sole participants in the negotiations and the sale.
In his motion for disclosure and at trial, defendant failed to show any significance of the informant's testimony to the offense charged.
During the trial, the State did not refer to the informant. This was done by defendant on cross examination.
As was stated in Harrington v. State, 110 So.2d 495 (Fla.App. 1959), we find nothing to warrant an exception to the general rule of non-disclosure. The informant's identity was not material in determining the guilt or innocence of defendant, who produced no testimony whatever in rebuttal of the State's case.
In response to defendant's demand for discovery, the State failed to disclose that a confidential informant was involved in this case. Hereafter, under similar circumstances, we suggest that the State indicate the existence of a confidential informant *231 and let the trial court determine if his identity must be disclosed.
Affirmed.
McCORD, J., concurs.
Boyer, Acting C.J., concurs specially.
BOYER, Judge (concurring specially).
I concur in affirmance and in the reasoning set forth in the majority opinion. However, I cannot condone the lack of candor, actually false statements, of the State as revealed by the record.
The record reveals that appellant, defendant in the trial court, filed a timely motion for disclosure of the identity of a confidential informant pursuant to Rule 3.220 RCrP. In response to that motion the State filed an "Answer to Demand for Discovery" in which it categorically stated that no material or information was provided by a confidential informant. The record reveals, as recited in the majority opinion, that statement to be untrue. Disclosure of the identity of a confidential informant depends upon the particular circumstances of each case. (Please see cases cited in the majority opinion.) However, whether or not the identity of a confidential informant will be required to be disclosed is a matter to be determined by the Court. The State has no right to conceal the fact, in response to appropriate discovery, that material or information was in fact obtained from a confidential informant. Certainly the State has no right to make blatantly false statements in that regard. As we said in Kurlin v. State, Fla.App. 1st 1974, 302 So.2d 147:
"* * * It is important that citizens, including those accused of crimes, have confidence in their government, particularly the judicial branch." (302 So.2d at page 150)
We also touched upon the necessity for honesty and candor in State v. Shepard, Fla.App. 1st 1974, 299 So.2d 644. (See also Lee v. State, Fla.App. 1st 1975, 312 So.2d 457.
Although I agree that the State's error in the case sub judice was harmless, and therefore does not constitute ground for reversal, the concealment, evasion and lack of candor revealed by this record can hardly be viewed as a source of pride to the prevailing party.