355 So.2d 437 (1978)
Lee WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-836.
District Court of Appeal of Florida, Fourth District.
February 7, 1978.
Rehearing Denied March 21, 1978.
*438 Richard L. Jorandby, Public Defender, Frank B. Kessler and Laurie Sistrunk, Asst. Public Defenders, and Joe Atterbury, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
In this appeal from a conviction and sentence for delivery of heroin seven points are presented for reversal. We have carefully considered all points presented and find only one constitutes reversible error. That point involves the action of the trial court in denying appellant's pretrial discovery motion to produce the name and address of the confidential informant.
The cases seem to indicate that the primary test controlling the right of a defendant to be advised of the name and address of a confidential informant is one of fairness. Is the name and address of the informant essential to a fair determination of the case? If so, the State's privilege against disclosure must give way. Richert v. State, 338 So.2d 40 (Fla. 4th DCA 1976). In the most recent case on the subject the Supreme Court of Florida, in State v. Hassberger, 350 So.2d 1 (Fla. 1977), confirmed that test once again, stating:
"Where disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of the cause, the privilege must give way. State v. Matney, 236 So.2d 166 (Fla.1st DCA 1970); Rovario v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)." Id. at 2.
In the oft cited case of Treverrow v. State, 194 So.2d 250 (Fla. 1967), the Florida Supreme Court suggested some of the guidelines or factors which should be considered in determining when the privilege against disclosure is dissipated, after first noting that the problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Those factors are:
1) "whether it was necessary for the prosecutor to refer to the informer in the presentation of the case, or whether the informer's existence was first brought out on cross-examination by the defendant;
2) "whether the informer was an `active participant' in the offense with which the defendant is charged or is a `mere informer' who supplies a `lead';
3) "whether the accused admits or does not deny guilt;
4) "and whether there is independent evidence of the accused's guilt." Id. at 252.
Without detailing the facts in this case, we note that the State referred to the confidential informant in presenting its case in chief. The informant was present at least to some extent during all or a part of the criminal transaction with which appellant is charged. The exact extent of his participation *439 or knowledge is not totally clear, but it may well have been substantial. The appellant's defense was misidentification and alibi. The only evidence against appellant is the testimony of one police officer.
Suffice to say that as we view this case and its substantial conflicts the testimony of the informant could have been very helpful to appellant's case. Had the informant corroborated appellant's contention it may well have led to an acquittal. In other words, this case seems to meet all the criteria necessary to dissipate the privilege against disclosure.
Accordingly, we reverse the judgment and sentence appealed from and remand the cause for a new trial.
REVERSED AND REMANDED.
ANSTEAD, J., and SCHWARTZ, ALAN R., Associate Judge, concur.