374 So.2d 1126 (1979)
Harriet RIGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. LL-47.
District Court of Appeal of Florida, First District.
September 12, 1979.
John D.C. Newton, II, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Charles A. Stampelos, Asst. Atty. Gen., for appellee.
PER CURIAM.
On June 8, 1976, the appellant, Ms. Riggins, was allegedly involved in a drug sale. A confidential informant introduced Officer McNeil, an undercover agent, to Ms. Riggins and a friend, Mr. Williams. Officer McNeil and Mr. Williams negotiated the sale and the confidential informant drove Officer McNeil, Mr. Williams and Ms. Riggins to the Roosevelt Grill to pick up heroin. At Mr. Williams' instructions, Officer McNeil gave the money to Ms. Riggins who went into the Grill and returned with three tin foil packets which she gave to Officer McNeil. The confidential informant did not handle the money or the drugs and did not participate in the negotiations. However, he was present from start to finish. No arrest was made at the time of the sale.
An information was filed in November of 1976 and an amended information filed in January of 1977, charging Ms. Riggins with sale or delivery of heroin. She was not arrested until November of 1977.
A motion to compel the identity of the confidential informant was filed alleging that disclosure was necessary to establish a defense because the confidential informant was a material witness. It alleged that the informant's testimony bore directly on the transaction, the circumstances giving rise to the transaction and its consummation, as well as the actual identification of the individual involved. It further raised the motive and interest of the confidential informant.
The allegations of defendant's motion to compel were sufficient to show that the identity of the informant was relevant and helpful to her defense, or essential to a fair determination of the cause. State v. Grimes, 350 So.2d 1 (Fla. 1977). In defendant's motion, the attorney stated the intended defense of misidentification and showed that the confidential informant's testimony could be highly significant on that issue. McCants v. State, 363 So.2d 362 (Fla.1st DCA 1978); State v. Anderson, 329 So.2d 424 (Fla.3d DCA 1976). The question *1127 of misidentification in this case is especially significant due to the long time lapse between the transaction and the arrest. Defendant should be given an opportunity to file a sworn motion or affidavit alleging the necessary facts which will invoke the necessity of an in-camera hearing. Beasley v. State, 354 So.2d 934 (Fla.2d DCA 1978). Munford v. State, 343 So.2d 67 (Fla.2d DCA 1977).
Remanded for further proceedings consistent with this opinion.
ERVIN, Acting C.J., and BOOTH and LARRY G. SMITH, JJ., concur.