MILLS, Chief Judge.
Appellant challenges his convictions of possession of more than five grams of cannabis, possession of cannabis with intent to sell, and possession of phencyclidine on the ground that the trial court erred in denying his motion to disclose the identity of a confidential informant. We affirm.
The confidential informant participated in a controlled buy of cannabis which formed the basis of a search warrant. The allegations of the search warrant were that cannabis was possessed in a dwelling occupied by several white males, one of whom was known as “Jimmy.”
The evidence showed that twelve people entered or left the dwelling within the hour prior to the execution of the warrant and thirteen came to the dwelling during the search. At the time the officers went to the dwelling to serve and execute the warrant, however, appellant was there alone and told one officer that he lived there alone. The search revealed phencyclidine (PCP) in the door of the refrigerator, several baggies of marijuana in a drawer near the refrigerator, one pound of marijuana in a cooler sitting on the kitchen counter, and a set of scales. One of the officers was qualified as an expert and testified that the scales were similar to the kind of scales used to weigh such contraband when preparing individualized packages. Appellant denied that he was the person who sold the marijuana to the confidential informant and he denied knowledge of the presence of the PCP, the marijuana, or the scales in the residence. There was no evidence that appellant was the person who made the sale and he was not charged with sale of contraband.
Appellant urges in this appeal that it was essential to his defense that he know who the confidential informant was who made the purchase of drugs so that he could *887 establish that he was not the person who sold the marijuana to the informant.
In Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court held that the privilege of nondisclosure of an informant’s identity must give way where it is “. . . relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . .” The decision as to when disclosure must be ordered requires “. . . balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense. .” based on the particular circumstances of each case. Rovario, supra.
The basic factors to be considered by the trial court in reviewing when the identity of the confidential informant should be revealed include, but are not limited to, whether the prosecutor must refer to the informer in the presentation of the case, whether the informer was an active participant in the offense charged or whether he simply supplies a lead, whether the accused admits or does not deny guilt, and whether there is independent evidence of the accused’s guilt. Treverrow v. State, 194 So.2d 250 (Fla.1967). The key to the revelation of the name, however, is really whether the revelation of the name is “material” to the defendant’s case. The application of the test of materiality was considered by this Court in McCants v. State, 363 So.2d 362 (Fla.App.1978). There the Court evaluated materiality by looking at the evidence which was adduced at trial to see if the evidence established guilt beyond a reasonable doubt and whether the undisclosed evidence would have created a reasonable doubt that did not otherwise exist.
In the case at hand, the State did not refer to the informer in the presentation of its case; the informer was not an active participant in the crime charged; and, though the accused did deny his guilt, there was independent evidence of his guilt. Not only do we find that the undisclosed evidence would not have created a reasonable doubt, we think it is noteworthy that appellant does not challenge the sufficiency of the evidence in this appeal.
We agree with the trial judge that the facts of Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965), upon which appellant relies, are materially distinguishable. In Spataro a warrant was issued based on an informant’s having bought drugs from a woman at a residence and drugs were found in a room jointly occupied by two women at that residence. The sole evidence establishing the defendant’s possession of contraband and knowledge of its presence was the testimony of her roommate that the contraband was not hers and she was unaware of its presence. Under those circumstances, the Court ruled that the informant was a material witness since his testimony — if he were to identify the roommate as the person who made the earlier sale — would have affected the roommate’s credibility and shown the possession to have been the roommate’s rather than the defendant’s since joint possession was not asserted.
In the instant case, the evidence was that the drugs were bought from a “Jimmy” and that there were several people who stayed at the dwelling from time to time and who came and went freely, three of whom were named Jim, James, or Jimmy. Under these circumstances, evidence which would simply have enhanced appellant’s credibility was not material. The theory urged by appellant concerning the importance of knowing the identity of the confidential informant rests on the speculation that if he knew who the informant was, the informant would have told the jury who the “buy” was from, the “buy” would not have been from appellant, and the jury hearing that would then disregard the other evidence of possession which was presented. We find that such speculation is insufficient to require the disclosure of the confidential informant.
AFFIRMED.
McCORD and SHIVERS, JJ., concur.