SHIVERS, Judge.
Boone appeals his conviction and sentence for sale of marijuana. Appellant contends that the trial court erred in not requiring the State to disclose the identity of a confidential informant who was a material witness in the case. We agree, reverse and remand.
Prior to trial, appellant filed a motion to have the State disclose the identity of an alleged confidential informant. At the hearing on the motion, Detective McCallum testified that on February 14, 1978, he and the confidential informant drove to the residence of Ronnie Bowden. Officer McCal-lum remained in his vehicle while the confidential informant got out and talked to Bowden. From his car, Officer McCallum could see Bowden and the informer but could not hear them. The informer returned and told McCallum that Bowden had said that marijuana could be obtained down the road at a trailer next to a motel.
McCallum further testified that he and the informer went to the described trailer, parked, and walked to the door. The informer knocked on the door, and appellant answered the door. The informer then told appellant that Ronnie Bowden had sent them to “get a bag.” Appellant then went back into the trailer and returned with a bag of marijuana. Detective McCallum took the bag and handed appellant $25. Detective McCallum did not arrest appellant on the date of this alleged purchase, but did so on March 30, 1978.
Ronnie Bowden testified at the motion hearing that he never had a conversation on February 14, 1978, or any time, about sending someone to appellant’s house to buy marijuana. He stated that the first time he saw Detective McCallum was on March 29, 1978, at appellant’s house. On that date Detective McCallum asked appellant to sell him a bag of marijuana but appellant refused.
The trial court denied appellant’s motion to compel disclosure of the confidential informant. At trial, Detective McCallum and Ronnie Bowden repeated their testimony. Detective Spicer testified that he conducted surveillance of the activities on February 14, 1978. Detective Spicer’s testimony basically corroborated that of Detective McCallum. Detective Spicer, however, could not see who it was that the informer and Detective McCallum were talking to in front of the trailer. Appellant testified in his own behalf at trial and, like Bowden, stated that the first time he saw Detective McCallum was on March 29. Appellant denied that he sold Detective McCallum *999 marijuana on February 14, or any other time.
During the trial, defense counsel attempted to cross-examine Detective McCal-lum as to the identity of the informer, but the State’s objection to this attempt was sustained. Appellant was convicted and moved for a new trial on the ground, inter alia, that the court erred in denying the defendant’s motion to compel disclosure. The motion was denied.
In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), Roviaro was accused of selling heroin to “John Doe.” Four law enforcement officers, Durham, Fields, Bryson, and Sims, met with John Doe and searched his automobile finding no narcotics. Bryson secreted himself in the trunk of Doe’s car while Durham, Fields and Sims attempted to maintain surveillance of Doe’s car. Roviaro entered Doe’s car and the two proceeded to a location. Durham observed Roviaro retrieve a small package from a nearby tree, return to Doe’s vehicle, and make a motion as if depositing the package in the car. Durham recovered a package which contained three glassine envelopes containing heroin from the floor of Doe’s ear. From his position in the trunk of Doe’s car, Bry-son had heard the conversations between Roviaro and Doe, which included Roviaro’s statement that he had brought “three pieces this time.” Bryson also observed Roviaro retrieve the package and return to the car and heard him state “Here it is.”
The Roviaro Court discussed the government’s privilege to withhold from disclosure the identity of persons who furnish information to law enforcement officers. The purpose of this privilege is the furtherance and protection of the public interest in effective law enforcement. One limitation on this privilege, however, arises from fundamental requirements of fairness. “Where the disclosure of an informer’s identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.” 353 U.S. at 60-61, 77 S.Ct. at 628 (footnote omitted). The Court also stated:
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual’s right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony, and other relevant factors.
Id. at 62, 77 S.Ct. at 628. The Court held that disclosure should have been ordered because, under the facts of that case, John Doe’s possible testimony was highly relevant and might have been helpful to the defense.
In Treverrow v. State, 194 So.2d 250 (Fla.1967), the court cited Roviaro and discussed additional factors to be considered in determining whether disclosure is required.
Some of the factors are whether it was necessary for the prosecution to refer to the informer in the presentation of the case, or whether the informer’s existence was first brought out on cross-examination by the defendant; whether the informer was an ‘active participant’ in the offense with which the defendant is charged or is a ‘mere informer’ who supplies a ‘lead’; whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused’s guilt.
194 So.2d at 252.
Applying the Treverrow factors to the instant case favors disclosure. First, it was necessary for the prosecutor to refer to the confidential informant during the presentation of the State’s case-in-chief. In fact, testimony concerning the confidential informant permeated the State’s case. Second, the confidential informant here was an active participant in the offense as opposed to an informer who merely supplies a lead or tip. Third, the accused *1000 denied his guilt. Additionally, appellant in the instant case had a witness who partially corroborated his exculpatory testimony. Fourth, the only evidence of the accused’s guilt was in the form of one witness, Detective McCallum.
The instant case appears most similar to Woods v. State, 355 So.2d 437 (Fla. 4th DCA 1978). Although the facts of Woods are not recited in detail, the informer in that case was present to some extent during the criminal transaction, the appellant’s defense was misidentification and alibi, and the only evidence against appellant was the testimony of one police officer. The court in Woods held that the testimony of the informer could have been very helpful to appellant’s case and reversed and remanded. Accord, Coby v. State, 397 So.2d 974 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla. 1981); Riggins v. State, 374 So.2d 1126 (Fla. 1st DCA 1979); Ricketts v. State, 305 So.2d 296 (Fla. 4th DCA 1974).
Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975), cited by the trial court in the order denying appellant’s motion to disclose, is distinguishable. In Hawkins, the motion to disclose was untimely and failed to refer to an'existing or proposed defense to which the informer’s testimony was relevant or material. Further, the State did not refer to the informer during the trial, and the defendant produced no testimony to rebut the State’s case.
Appellee contends, however, that in the instant case appellant did not adequately show the relevance of the informer’s testimony to his defense. We find that the informer’s testimony would have been highly relevant to appellant’s defense that the criminal transaction never took place. As one of only three witnesses to the alleged criminal transaction, the informer would presumably corroborate either appellant’s testimony or Detective McCallum’s. As the Court stated in Roviaro, “The informer was the only witness in a position to amplify or contradict the testimony of government witnesses.” 353 U.S. at 64, 77 S.Ct. at 630.
Appellee also contends that the informer’s testimony could not be material. We do not agree with appellee’s concept of materiality. Appellee seeks to place on appellant the burden to prove that the informer’s testimony actually would corroborate appellant’s testimony. To hold thus would place upon appellant the impossible burden of proving what a witness will say without even knowing the identity of the witness. We do not read McCants v. State, 363 So.2d 362 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 469 (Fla.1979), to stand for. such a proposition. Unlike McCants, where the defendant never indicated a line of defense to which the informer’s testimony would be material, appellant here made clear at the hearing on the motion to disclose that his defense was that the transaction never occurred and that McCallum was lying. The instant case involves more than the mere possibility that the informer’s testimony might have helped the defense or affected the outcome of the trial. There exists here a strong probability that the informant’s testimony could have affected the outcome of the trial. Therefore, it is material.
We find that under the circumstances of this case justice and fundamental requirements of fairness mandate disclosure or, at least, an in-camera hearing by the trial court to determine whether the informer’s testimony might be helpful to the defense.[1] Appellant concedes that there will be no need for a new trial if the confidential informant is available and his or her testimony is inculpatory. We think it proper, therefore, to remand for an in-camera hearing. United States v. Freund, 525 F.2d 873, after remand, 532 F.2d 501 (5th Cir.), cert. denied, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976); See Coby v. State and Riggins v. State, supra. See also State v. Acosta, 439 So.2d 1024 (Fla. 3d DCA 1983); Mingle v. State, 429 So.2d 850 (Fla. 4th DCA 1983). If the trial court finds that the informer’s testimony might be helpful to the defense, a new trial is required.
*1001 REVERSED and REMANDED for proceedings not inconsistent with this opinion.
JOANOS and BARFIELD, JJ., concur.

. See Fla.R.Crim.P. 3.220(c)(2) and (i).