PER CURIAM.
By this petition for writ of certiorari, the state seeks review of an order of the trial court requiring it to determine whether the identity of a confidential informant is the same as the one named in defendant’s motion to disclose informant’s whereabouts and to furnish the best known address of the informer. State contends that the identity of the informer has never been established and that the motion to disclose whereabouts is in fact an attempt to discover the identity. Respondent contends that the order merely requires state to comply with its duty to disclose the whereabouts of a confidential informant once the informant’s identity has been revealed.
The record before us does not support a finding that the identity of the confidential informant who provided the information to *14 the Jacksonville police department which resulted in respondent’s arrest has ever been revealed. We find therefore, that the order of the trial court is, in effect, an order to reveal that identity. Except under certain specified circumstances, none of which have been argued or shown to exist in this ease, public policy favors nondisclosure of confidential informants. State v. Acosta, 439 So.2d 1024 (Fla. 3rd DCA 1983). Therefore, the petition for writ of certiorari is granted and the order of the trial court is reversed.
BOOTH, C.J., and WIGGINTON and BARFIELD, JJ., concur.