521 So.2d 191 (1988)
Pablo GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. BP-129.
District Court of Appeal of Florida, First District.
February 10, 1988.
Rehearing Denied March 24, 1988.
*192 Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Pablo Garcia appeals his conviction and the thirty year sentence imposed after a jury found him guilty of trafficking in cocaine. Appellant raises four issues for review: (1) the trial court's failure to order the state to disclose the identity of a confidential informant, (2) the trial court's failure to conduct an in camera hearing on the issue of disclosure of the confidential informant, (3) the trial court's failure to prohibit the state's use of similar fact evidence, and (4) the trial court's failure to provide clear and convincing reasons for the departure sentence. We affirm the conviction but reverse and remand as to the sentence.
On October 8, 1985, a search warrant was issued for residential premises, based upon an affidavit of a confidential informant recounting a controlled buy of cocaine. The inventory prepared after the search reflects that among the items seized were: (1) cocaine, (2) clear baggies with white residue, (3) $5,180.00 in cash, (4) marijuana, (5) scales, (6) pipes with residue, and (7) a passport.
An information filed October 28, 1985, charged that on October 8, 1985, appellant was knowingly in actual or constructive possession of twenty-eight or more grams of cocaine. The statement of particulars filed by the state places the date and time of the crime charged as October 8, 1985, between 7:30 and 9:30 p.m.
On February 14, 1986, defense counsel filed a motion to compel disclosure of the confidential informant. At the hearing held on the motion, defense counsel argued that during the relevant time period there were several visitors to the residence subsequently searched, and the only direct evidence as to possession of contraband would be that provided by the confidential informant. Counsel stated appellant's possible *193 defense was entrapment, and development of the defense required disclosure of the identity of the confidential informant. The prosecutor's response was that the state did not intend to refer to the confidential informant at trial, the confidential informant was not a participant in the search warrant, and the confidential informant would not be called as a witness at trial. The trial court denied the motion seeking disclosure of the identity of the confidential informant.
On May 12, 1986, the state filed notice of similar fact evidence which would show that on October 7, 1985, appellant was in actual or constructive possession of cocaine. Then on June 2, 1986, just before trial, the state filed an amended statement of particulars which reflected the date and time of the offense to be:
On or between October 7, 1985 and October 8, 1985; approximately between 12:00 a.m. October 7, 1985 and 11:59 p.m. October 8, 1985.
Defense counsel argued the amended statement of particulars added another day and time to the original statement, and moved to bar all testimony concerning the suggestion of cocaine at a party on October 7th, on the ground that it did not go to the charge set forth in the information. The prosecutor argued the evidence was close in time to execution of the warrant, it showed that appellant produced cocaine at a party, and that a witness testified appellant said, "I have a lot that I want to move."
The trial court ruled that the evidence would be admissible and was sufficiently relevant to the state's purpose. Defense counsel requested a continuance, on the ground that the evidence required a change in strategy. This motion was also denied as was a motion in limine, seeking to exclude testimony relating to alleged acts of appellant on any day other than October 8, 1985.
Testimony at trial indicated that on October 7, 1985, Joseph Nolan introduced appellant to Craig Ferber. Later, appellant and Nolan went to Ferber's residence. On the night of October 7, 1985, appellant, Nolan, Ferber, Ferber's girl friend, and Diaz snorted cocaine from two small baggies allegedly produced by appellant. On the same evening, at the Ferber residence, a confidential informant purchased cocaine from Nolan. A search warrant was served approximately eight hours after the controlled buy.
After the controlled buy but before service of the warrant, three of the persons who had spent the evening of October 7th at the Ferber residence left the premises. Police officers stopped Ferber and another man outside the house, and arrested them for possession of cocaine and trafficking in cocaine. Appellant and another man remained in the house, and were there at 8:00 p.m. on October 8th, when the search warrant was served.
The detectives serving the warrant knocked and announced their presence. They kicked the door open when they heard someone running away from the front room of the house. One detective pursued appellant into the kitchen and observed his right hand extended toward a garbage container. The subsequent search disclosed a plastic bag containing 82.6 grams of cocaine lying on top of the garbage in the container. Drug paraphernalia and cash were also found in the house.
Ferber testified that appellant and his friend Diaz came to Ferber's house, because there had been a quarrel at Nolan's house. According to Ferber, appellant pulled out a small amount of cocaine, and asked Ferber if he wanted a snort. Ferber said appellant had two baggies  one containing a gram or so, and the other containing about seven grams. Ferber then testified that after they had "done a little bit," appellant asked him if he [Ferber] could move some. Ferber replied that he would see what he could do.
The jury found appellant guilty of trafficking in cocaine. A presentence investigation (PSI) report was prepared, which indicated that appellant had been convicted of one prior offense, possession of cocaine, on October 23, 1983, in Monroe County. Appellant served thirty days in the county *194 jail, and was placed on two years probation for that prior offense.
The recommended guideline sentence was 4 1/2 to 5 1/2 years. The trial court entered an order finding appellant an habitual felony offender, and departed from the guideline sentence, giving as reasons therefor:
(1) that appellant committed the instant offense while on active probation for possession of cocaine;
(2) that from the evidence heard at trial it was reasonable to infer that appellant is a drug dealer; and
(3) that appellant's status as an habitual offender warranted a guidelines departure, and that this reason alone was sufficient to impose the thirty year sentence rendered in this cause.
Appellant's first challenge is directed to the denial of his motion to compel disclosure of the identity of the confidential informant. Florida Rule of Criminal Procedure 3.220(c)(2) states:
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
In State v. Manderville, 512 So.2d 326 (Fla. 3d DCA 1987), the court found the rule provides that "disclosure of a confidential informant can be compelled for discovery purposes only if that informant `is to be produced at a hearing or trial.'" In Manderville, the court noted that the defendants had not raised an entrapment defense, there was no stipulation that the informant's testimony was necessary to a successful prosecution, and no suggestion that the informant's fee was contingent upon the nature of his trial testimony. In addition, the state alleged, as it has in the instant case, that the confidential informant did not witness or participate in the trafficking case. The court held that dismissal of the trafficking charges was too drastic a sanction for the state's failure to comply with an order to produce the confidential informant, but exclusion of the informant's testimony was justified.
In State v. Hassberger, 350 So.2d 1 (Fla. 1977), the court quoted the balancing test adopted by the Supreme Court in Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957), which calls for balancing of the public interest against the individual's right to prepare his defense, and holds that the disclosure determination "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and the other relevant factors."
The state's privilege to withhold identity of a confidential informant can be overcome only by a showing that the informant's testimony is essential to the establishment of a defense. First, the defendant must allege a specific possible defense, and must make a preliminary showing of the colorability of the defense. Second, the defendant must show that the informant's testimony is essential to establish the defense  the possibility that such testimony might aid the defense is insufficient to require disclosure of the informant's identity. "Disclosure is only helpful to the defense if the testimony of the informant would exculpate the defendant or materially vary from that of the police." State v. Acosta, 439 So.2d 1024, 1026-1027 (Fla. 3d DCA 1983). See also State v. Angeloff, 474 So.2d 13 (Fla. 1st DCA 1985), review denied, 484 So.2d 7 (Fla. 1986).
We find appellant's reliance on Boone v. State, 451 So.2d 997 (Fla. 1st DCA 1984), petition for review denied, 461 So.2d 116 (Fla. 1984), is misplaced. In Boone the court found that application of the Treverrow[1] factors favored disclosure in the circumstances *195 of that case, since in Boone it was necessary for the prosecutor to refer to the confidential informant during the presentation of its case in chief, the confidential informant was an active participant in the case, the accused denied his guilt, and the only evidence regarding his guilt was that of one detective. In the circumstances, the court found the trial court's reliance on Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975), distinguishable. In Hawkins, as in the instant case, the motion to disclose did not refer to an existing or proposed defense to which the confidential informant's testimony was relevant, and the state did not refer to the confidential informant during trial.
In this case, appellant referred to a possible entrapment defense, but provided no facts or theory which would explain how the confidential informant's testimony might help to establish the defense. The controlled buy, which provided the basis for the search warrant, took place on October 7, 1985. Appellant was not involved in the sale, and was not charged with a sale. The confidential informant was not present when the search warrant was served. Furthermore, the confidential informant did not testify at trial. In the circumstances, we find appellant has failed to make the requisite showing for disclosure of the informant's identity.
Next, appellant has challenged the ruling which allowed the state to file an amended statement of particulars setting forth similar fact evidence not referenced in the first statement filed. Section 90.404(2) Florida Statutes, provides in part:
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
(b)1. When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal. (emphasis supplied).
Evidence of the commission of similar wrongs or acts is "inadmissible if solely relevant to bad character or propensity to commit the crime." Heuring v. State, 513 So.2d 122 (Fla. 1987), citing Peek v. State, 488 So.2d 52 (Fla. 1986); Coler v. State, 418 So.2d 238 (Fla. 1982), cert. denied, 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983); Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). In Heuring, the court said:
To minimize the risk of a wrongful conviction, the similar fact evidence must meet a strict standard of relevance. The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses. (emphasis supplied).
In Taylor v. State, 444 So.2d 931 (Fla. 1983), the court held that the timing of a request to amend a bill of particulars was a relevant, but not determinative factor in allowing the state to amend. Rather, the determinative factor is whether the amendment will prejudice the defendant. See also Stang v. State, 421 So.2d 147 (Fla. 1982); Hoffman v. State, 397 So.2d 288 (Fla. 1981).
In this case, the state served a notice of similar fact evidence on May 12, 1986, approximately three weeks before trial. Although the notice was in compliance with the 10-days-before-trial requirement of section 90.404(2)(b)1., it did not describe the offenses the state intended to offer with the particularity required by the statute. The amended bill of particulars, which expanded the time frame to include events of October 7, 1985, from 12:00 a.m. until 11:59 p.m. on October 8, 1985, was served immediately before jury selection on *196 June 2, 1986. Defense counsel argued the amended bill of particulars was prejudicial, because defense preparation had focused only on the time specified in the original bill of particulars, that is, October 8, 1985, between 7:30 p.m. and 9:30 p.m. Counsel's objection to the amendment and request for continuance were both denied. The trial court considered the notice of similar fact evidence sufficiently apprised the defense of the state's intent to offer evidence of the cocaine party on the night of October 7th.
The similar fact evidence in the instant case involves the presence of cocaine on both October 7th and October 8th. According to Craig Ferber's testimony, on the evening of October 7th appellant was in possession of two small baggies of cocaine which he offered to the persons present. On October 8th, appellant was charged with trafficking in 82.6 grams of cocaine, packaged in a single plastic bag. The October 7th events detailed in the amended statement of particulars were intertwined with and led up to the offense charged in the information. Although the state did not comply with the statutory notice requirements, we find the defective notice harmless in the circumstances of this case, since the facts contained in the amended statement are tied to the charged offense.
Appellant's final challenge is directed to the trial court's decision to impose a departure sentence. The trial court exceeded the recommended guidelines sentence, giving as reasons for departure that: (1) the instant offense was committed while appellant was on probation for possession of cocaine, (2) the evidence at trial indicates that appellant is a drug dealer, and (3) appellant is an habitual felony offender.
The first reason is invalid because it was based upon appellant's prior record, which had been factored into the guidelines calculation. Scurry v. State, 489 So.2d 25, 28 (Fla. 1986); Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985); Guzie v. State, 512 So.2d 289 (Fla. 1st DCA 1987). The second reason is invalid because it is based on an inherent component of the crime for which sentence was imposed. Scurry v. State, 489 So.2d 25, 28 (Fla. 1986); State v. Mischler, 488 So.2d 523 (Fla. 1986). The third reason, that appellant has been determined to be an habitual felony offender, was subsequently held invalid in Whitehead v. State, 498 So.2d 863 (Fla. 1986), released October 30, 1986.
In summary, with regard to the first two points raised on appeal, we note that the confidential informant did not testify at trial and did not witness or take part in the events of October 8, 1985, which gave occasion for appellant's arrest and the trafficking charge filed against him. While it is conceivable that disclosure of the confidential informant's identity may have aided appellant's defense, that possibility is not sufficient to compel disclosure. See Fla.R. Crim.P. 3.220(c)(2). With regard to the third point, we find that the timing of the amended statement of particulars constituted defective notice. See § 90.404(2)(b)1., Fla. Stat. (1985). Nevertheless, in the circumstances of this case, we conclude that the trial court's decision to permit the state to present evidence relating to the events of October 7, 1985, does not require reversal. Finally, the three reasons given for departure are invalid. Therefore, we reverse the sentence and remand for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987); Mooney v. State, 516 So.2d 333 (Fla. 1st DCA 1987).
Accordingly, the conviction is affirmed, but the sentence is reversed and remanded for resentencing within the recommended guidelines.
SMITH, C.J., and WENTWORTH, J., concur.
NOTES
[1] In Treverrow v. State, 194 So.2d 250, 252 (Fla. 1967) the court set forth the following factors to consider in a disclosure determination:

... whether it was necessary for the prosecution to refer to the informer in the presentation of the case, ... whether the informer was an "active participant" in the offense with which the defendant is charged or is a "mere informer" who supplies a "lead;" whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused's guilt.