JOANOS, Judge.
Appellant contends the trial court erred in refusing to require the state to disclose the identity of its confidential informant. We affirm.
Appellant was charged with the sale of more than twenty grams of cannabis. In response to the demand for discovery filed by the defense, the State revealed that information relative to the offense had been provided by a confidential informant. Pri- or to trial, the defense deposed the arresting officer, who said that the confidential informant not only supplied him with information about the sale, but also accompanied him during the transaction which preceded the arrest. The defense also deposed an individual whom they thought might have been the informer, but who denied knowl *1004 edge of appellant or the offense. The defense of entrapment was asserted at trial.
No pretrial motion to disclose the identity of the confidential informant was filed. After the arresting officer, Schultz, testified during the State’s presentation, the defense moved for disclosure. In this case, the motion made during trial was untimely. See Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975). As indicated by the State’s response to the demand for discovery and the pretrial depositions, the defense was well aware before trial of the existence of the confidential informant. There was nothing new of real significance in the arresting officer’s trial testimony which would have made it more important to learn the informant’s identity. The cases appellant relies on in support of his argument that the motion was timely made during trial are distinguishable. Cf. Gaines v. Hess, 662 F.2d 1364 (10th Cir.1981) (informant’s existence was revealed by officer’s trial testimony); Ricketts v. State, 305 So.2d 296 (Fla. 4th DCA 1974) (defense unsuccessfully attempted pretrial to subpoena Harvard, the informer; court continued trial; Harvard failed to respond to subpoenas to appear in State Attorney’s office and in court; defense moved for disclosure several times during trial; court finally granted defense motion, then State announced it would not disclose informer’s name; defense moved for dismissal and trial judge rescinded order granting defense motion and allowed trial to continue); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965) (defense had intimated that a particular policeman was the informer, but while arguing motion for directed verdict, State said that policeman was not the informer referred to in the affidavit). We are not persuaded by appellant’s argument that the late motion was justified because Officer Schultz first mentioned at trial that his confidential informant had gotten his information from a friend. It was no more relevant to the entrapment defense or to the informer’s role as a witness to the transaction to find out who the informant’s friend was by questioning the informant than to find out who the informant was prior to trial. In addition, it would have been very disruptive to the trial at this point to deal effectively with appellant’s motion for disclosure. There is no indication that the informer would even have been available, for example, for an in camera inquiry to determine whether his or her identity should be disclosed.
Because the motion for disclosure was not timely presented, the judgment and sentence are AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.