114 So.2d 344 (1959)
STATE of Florida, Appellant,
v.
Virginia HARDY, Appellee.
No. A-413.
District Court of Appeal of Florida. First District.
September 1, 1959.
Rehearing Denied September 23, 1959.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellant.
Wayne E. Ripley, Jacksonville, for appellee.
CARROLL, DONALD, K., Judge.
The appellee was informed agains in the Criminal Court of Record for Duval County for unlawfully possessing five gallons of moonshine whiskey. After pleading not guilty to the charge, she filed a motion for a bill of particulars, and later an amended bill, to require the State to furnish her the "name, address, telephone number, and size and description of the alleged `black male', confidential informer, who was alleged *345 to have gone into" the appellee's dwelling house and premises described in the affidavit for search warrant and the search warrant. In the motion appellee also denied that anyone had made a "buy" from her and she demanded the right to be confronted by the "black male" who claimed he made a buy. The court denied the motion. The appellee with leave of court waived trial by jury, and the court then tried the case without a jury and entered a verdict of guilty of the offense charged. The evidence at the trial was, we hold, sufficient to support this verdict.
The appellee filed a motion for new trial on the ground that the court erred in denying her motion for bill of particulars and in not requiring the State to furnish to her the requested information concerning the "black male" before requiring her to proceed to trial. In her motion she claimed that the search warrant was predicated upon an affidavit made by a fictitious person, that no alleged "buy" was made, and that the search warrant was introduced before the court as evidence of a sale made in her home, yet she was deprived of her rights to be confronted by the "black male" and to cross-examine this fictitious confidential informer.
The Criminal Court of Record, upon the hearing on this motion for new trial, granted it for the reasons as stated in its order:
"The Court did not require the State to disclose the name, identity and address of the alleged confidential informer, in accordance with the ruling of the Supreme Court of the United States in the case of Albert Roviaro v. United States of America, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, and cases cited in said opinion."
The State has filed the present appeal from this order.
We have examined the opinion in the Roviaro case referred to in the quoted order, the cases cited in that case, and other authorities, and do not think they support the order appealed from.
In the case of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, the petitioner for writ of certiorari, Roviaro, was convicted in a federal district court of a charge of violating a federal narcotics act by having sold heroin to one "John Doe" and transported it knowing it to be unlawfully imported. Before and during the trial he sought to learn the identity of "John Doe", which the government refused to disclose on the ground that John Doe was an informer. The United States Court of Appeals upheld the conviction, holding that the district judge had not abused his discretion in denying Roviaro's request for disclosure of the informer's identity, as reported in 7 Cir., 229 F.2d 812. The United States Supreme Court reversed the judgment, holding that the applicability of the privilege claimed by the government depends on the circumstances of each case and that the privilege was not applicable to the facts before them. The Court pointed out that this was a case in which the government's informer was the sole participant, other than the accused, in the transaction charged; that the informer was the only witness in a position to amplify or contradict the testimony of government witnesses.
The facts in the Roviaro case are basically distinguishable from those in the instant appeal. Here the appellee was tried on a charge of unlawful possession of five gallons of moonshine whiskey, not on a charge of an unlawful sale of moonshine whiskey to the informer or anyone else. There is no showing here that the informer was a participant in the transaction charged or that he would be a material witness at the trial. The Roviaro case cannot be considered as a governing precedent in this case, and the trial judge erred in granting a new trial on the basis of that case or on any basis.
The general rule recognized in the federal courts (including the United States Supreme Court in several cases), as stated in the annotation in 1 L.Ed.2d 1998-2011, on the topic of the government's privilege *346 to withhold disclosure of the identity of informers, is that the government is privileged to withhold from disclosure (notwithstanding its relevance) the identity of persons who furnish information relating to violations of law to officers charged with enforcement of that law; that this privilege is founded upon public policy and seeks to further and protect the public interest in law enforcement. This rule recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officers, encouraging them to perform that obligation.
Our legal research into this question supports the preceding statement as a fair expression of the prevailing and better rule in both federal and state courts in this country.
This Court recently had occasion to pass upon the question involved here. In Harrington v. State, Fla.App., 110 So.2d 495, 497 (appeal dismissed by the Florida Supreme Court, 113 So.2d 231), the appellant had been convicted of the offense of aiding and assisting in the setting up, promotion, and conducting of a lottery. At the trial certain lottery paraphernalia, seized under a search warrant, was admitted in evidence over appellant's objection. The affidavit upon which the search warrant was issued was made by a sheriff, who based his belief that the law was being violated upon information furnished by an unnamed confidential informer. On appeal from the judgment of conviction, the appellant raised the question whether the sheriff was required to disclose the name of the confidential informer. In our opinion this Court recognized the following principles, which we hold in the present case to be applicable and determinative:
"It is well settled that an officer may rely upon information as adequate to support an affidavit for a search warrant, although such information might not be considered admissible at the trial under applicable rules of evidence. Chacon v. State, Fla., 102 So.2d 578. The privilege whereby law enforcement officers are not required to disclose the identity of those furnishing information with regard to the commission of crimes is based on sound public policy and has long been recognized by the courts of this country and of England. Hardy's Trial, 24 How.St.Tr. 99 (1794); United States v. Moses, 1827, 27 Fed.Cas. page 5, No. 15,825, 4 Wash.C.C. 726. It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances.
"What we have said is not to be construed as indicating that such disclosure is absolutely privileged. The trial court may compel the disclosure when necessary to avoid the risk of false testimony or to secure useful testimony. 3 Wigmore on Evidence, 3 Ed., Section 2374. The rule is succinctly stated in Wharton's Criminal Evidence, 12 Ed. 1955, Section 795, page 136: `The distinction is materiality. When such information is material to the issue, it cannot be withheld. But when it is immaterial the courts will not compel its disclosure.'"
We, therefore, hold that the trial court committed reversible error in granting the order appealed from granting a new trial. The order is reversed with directions to enter a judgment of conviction and sentence based upon the verdict of guilty heretofore entered by that court.
WIGGINTON, Chief Judge, and STURGIS, J., concur.