388 So.2d 1314 (1980)
Randall Allen ELKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1652/T4-171.
District Court of Appeal of Florida, Fifth District.
October 8, 1980.
Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Chief, App.Div., Asst. Public Defender and Jorge Labarga, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was charged with delivery of phencyclidine (PCP) a controlled substance. After a motion to dismiss was denied, appellant entered a plea of nolo contendere specifically reserving his right to appeal the denial of his motion to dismiss. We affirm.
Officer Goode was on duty at the Orlando Police Station when a man unknown to him or anyone else in the Police Department came in and offered information about a subject who allegedly was selling PCP. About thirty minutes later, Officer Goode, wearing a body transmitter, accompanied the informant, known now only as "Zeke," to the apartment where Zeke introduced Officer Goode to the appellant and Goode proceeded to discuss with appellant and another occupant of the apartment the purchase of some PCP. Appellant and his companion told Goode that they had a quantity of high quality PCP for sale and could get more. Officer Goode made a $20.00 purchase of the drug, after which a verbal signal was given resulting in his backup *1315 officers appearing and arresting appellant and his companion. After the arrest, appellant told one of the arresting officers that he had purchased the quantity of PCP from a friend who had more, and that he had sold a portion of this to Officer Goode.
Zeke was given the price of a night's lodging and sent on his way. Because he was not previously known to the police and because they had no interest in using him again, the officers did not keep a permanent record of his identity, and although known at the time of the incident, Officer Goode could only recall the name "Zeke" when his deposition was taken. Because no record was kept of Zeke's correct name or address, the State was unable to comply with an order to disclose the identity of the alleged informer, and based on this failure to produce the name, defendant moved to dismiss the information.
The motion to dismiss stated merely that Zeke introduced Officer Goode to appellant, was present during the transaction and was a witness to it. It then recites the State's inability to produce his name and address, and asks for dismissal. In denying the motion the trial court found that Zeke was not a "confidential informant" but was more of a "tipster." The court further found that there was no showing that the State either negligently or deliberately had neglected to keep a better record of Zeke's identity and that under the facts of this case the sanction of dismissal was inappropriate.
Rule 3.220(c)(2) Florida Rules of Criminal Procedure provides:
Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at hearing or trial, or failure to disclose his identity will infringe upon the constitutional rights of the accused.
The record is clear that Zeke did more than merely tip the police to a possible violation of the law. He accompanied the officer to appellant's apartment and was present during the transaction. However, whatever label we attach to Zeke, the general rule is that the State has the privilege of nondisclosure of the identity of the confidential informant and the burden is on defendant to show why disclosure should be compelled. Treverrow v. State, 194 So.2d 250 (Fla. 1967); State v. Anderson, 329 So.2d 424 (Fla.3d DCA 1978).
In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the United States Supreme Court discussed the privilege of nondisclosure and said:
Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.
* * * * * *
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. 77 S.Ct. at 628, 629.
In Spataro v. State, 179 So.2d 873 (Fla.2d DCA 1965), the court discussed some of the factors involved in determining whether disclosure is required as including:
Whether it was necessary for the prosecution to refer to the informer in the presentation of the case, or whether the informer's existence was first brought out on cross-examination by the defendant; whether the informer was an "active participant" in the offense with which the defendant is charged or is a "mere informer" who supplies a "lead"; whether the accused admits or does not deny guilt; and whether there is independent evidence of the accused's guilt. The foregoing factors are only some of those considered in determining whether the privilege is applicable and is not intended to be all inclusive.
*1316 Applying the relevancy test of Roviaro, and reviewing the factors discussed in Spataro, we find no evidence in the record that either of these tests apply. Obviously the State had no intention of calling Zeke as a witness. While Zeke was present during the "buy" he did not actively participate in the offense for which appellant is charged. The accused pleaded rather than go to trial and there is independent evidence of his guilt.
In State v. Hardy, 114 So.2d 344 (Fla. 1st DCA 1959), the court outlined considerations involving disclosure as follows:
The privilege whereby law enforcement officers are not required to disclose the identity of those furnishing information with regard to the commission of crimes is based on sound public policy and has long been recognized by the courts of this country and of England. Hardy's Trial, 24 How.St.Tr. 99 (1794); United States v. Moses, 1827, 27 Fed.Cas. page 5, No. 15,825, 4 Wash. C.C. 726. It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances. What we have said is not to be construed as indicating that such disclosure is absolutely privileged. The trial court may compel the disclosure when necessary to avoid the risk of false testimony or to secure useful testimony. 3 Wigmore on Evidence, 3 Ed., Section 2374. The rule is succinctly stated in Wharton's Criminal Evidence, 12 Ed. 1955, Section 795, page 136: `The distinction is materiality. When such information is material to the issue, it cannot be withheld. But when it is immaterial the courts will not compel its disclosure.'
A factual situation much like the one here is found in Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975). There, like here, the informant accompanied the officer to the drug buy and introduced the officer to defendant. The agent made the purchase from defendant. The trial court refused to require the State to disclose the informer's name, and the appellate court affirmed, saying:
A motion for discovery or the evidence must show that the informant's testimony is relevant and material to the establishment of a defense the defendant has or proposes to present. Doe v. State, 262 So.2d 11 (Fla.App. 1972). Id. at 230.
Appellant has not made the required showing of necessity for the informer's identity, nor attempted to demonstrate even a possible defense the informer could substantiate or prove. No showing of prejudice is made resulting from the State's inability to produce the informer's identity. Appellant does not argue the trial court's finding that the State neither deliberately nor negligently failed to preserve a record of the informer's identity. Thus, neither State v. Jones, 247 So.2d 342 (Fla.3d DCA 1971) nor Munford v. State, 343 So.2d 67 (Fla.2d DCA 1977), quashed in part, 357 So.2d 706 (Fla. 1978), is on point. Since the State would have been correct in refusing to disclose the identity of the informer under the circumstances of this case, the trial court was correct in denying the motion to dismiss when the State was unable to produce his name and address.
Appellant raises the additional point that Condition 11 of his probation order which requires him to submit to a warrantless search of his person, residence, or automobile by any law enforcement officer or his probation supervisor is violative of his constitutional privilege against unreasonable searches. This condition is too broad insofar as it permits warrantless searches by any law enforcement officer, but is correct insofar as it permits such searches by appellant's probation supervisor. Grubbs v. State, 373 So.2d 905 (Fla. 1979); Wood v. State, 378 So.2d 110 (Fla. 5th DCA 1980); Smith v. State, 383 So.2d 991 (Fla. 5th DCA 1980).
*1317 Condition 11 of the probation order is therefore modified to apply only to appellant's probation supervisors, and as modified, the judgment and sentence are
AFFIRMED.
FRANK D. UPCHURCH and SHARP, JJ., concur.