418 So.2d 1152 (1982)
STATE of Florida, Petitioner,
v.
Jeffrey Kirksey CHAMBLIN, Jerry Wayne Duncan, and Bryan Kerwin, Respondents.
No. AM-8.
District Court of Appeal of Florida, First District.
August 23, 1982.
*1153 Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Peter Antonacci, Asst. State Atty., for petitioner.
Dana C. Matthews, Ronald A. Mowrey, Silas Eubanks, and William Corry, Tallahassee, for respondents.
McCORD, Judge.
Petitioner, the State of Florida, has filed a petition for writ of certiorari to review an order of the trial court granting respondents' motion for disclosure of the identity of the State's confidential informant. We reject respondents' contention that this Court does not have jurisdiction to entertain this petition. See Fla.R.App.P. 9.100 and 9.030, and Affiliated of Florida v. U-Need Sundries, 397 So.2d 764 (Fla. 2d DCA 1981). Compare also State v. Martinez, 381 So.2d 1183 (Fla. 3rd DCA 1980). On the merits, the petition is granted, and the trial court's order is quashed.
Respondents have been charged with several drug-related offenses. The events leading to the filing of the charges against them included a search of the home of respondent Duncan and the surrounding area. The affidavit for the warrant to search those premises outlined numerous observations of respondents' activities made by members of the Big Bend Narcotics Force over the course of a month. The facts set forth in the affidavit were as follows, in summary: On February 22, 1981, a small airplane piloted by Michael Small crashed on takeoff from the commercial airport in Leon County, Florida. A quantity of visqueen (plastic covering), several rolls of duct tape and numerous aeronautical maps showing the route to South America were found inside the plane. Small suffered minor injuries, was taken to the hospital for treatment, and later released. Because of the suspicious nature of the materials found inside the plane, the Leon County Sheriff's Department began conducting an extensive investigation into the matter which included observation of the activities of all of the respondents.
During the following weeks, the respondents were seen in and around George's Motel in Panacea, Florida, making numerous calls from pay telephones at all hours of the day and night, driving to and from respondent Duncan's home, and driving to Tallahassee to make calls on a pay phone. Respondent Chamblin was seen checking out of George's Motel on February 22, and he used evasive maneuvers to proceed to Tallahassee, where he booked a flight to Memphis, Tennessee. On March 16, he returned to George's Motel. On that day, Duncan was seen circling through the parking lot of the Oaks Restaurant in Panacea, proceeding into Franklin County, then returning two hours later. On the morning of March 17, Chamblin ate breakfast at the Oaks Restaurant, scribbled furiously in a notebook, then made numerous nontraceable calls from a pay telephone. Afterwards, he drove to Duncan's residence where he stayed for an hour before he returned to the motel and then drove back to Duncan's residence. The same vehicle reappeared approximately 30 minutes later, driven by respondent Kerwin and another man. They proceeded to a minute market, made several calls from a pay phone, and returned to Duncan's house. On that same afternoon, numerous vehicles were observed parked on the Duncan property and four vehicles were parked in the vicinity of a large barn.
On March 18, Duncan and Chamblin ate breakfast at the Oaks Restaurant, after which Duncan returned to his house and Donovan proceeded to a grocery store to make a phone call. He then drove to Duncan's *1154 house. Later that day, Chamblin left Duncan's house, heading toward Tallahassee. He was driving in an erratic manner and was stopped by the affiant, Sergeant Donnie Crum. Upon conducting a pat-down search, Sergeant Crum found a small quantity of marijuana and conflicting identification papers on Chamblin's person. Chamblin was and taken to jail, where his motel room keys were discovered. Upon determining that he had not paid for an additional night's lodging, officers entered his motel room. In the room, they found numerous writings that indicated that a large marijuana transaction was taking place in Wakulla County. Those papers outlined the landing of aircraft, the price of marijuana, and the names of those who were to make the purchase. In the papers numerous references were made to respondents Duncan and Kerwin regarding their participation in the transaction. The concluding sentence of the affidavit was: "While preparing this affidavit, your affiant received an anonymous call indicating that the stuff was hidden in the woods behind the barn." That anonymous caller is the subject of the order requiring disclosure.
The record contains deposition testimony of Deputy Landrum who stated that while the search warrant affidavit was being typed, he informed the affiant, Sergeant Crum, that he had received a call from an informer who told him that the contraband was in the woods behind the barn. The informant did not tell him that the "stuff" would be found in a car. He testified that he knew who the informer was but that he did not disclose his identity to the other officers. He stated that he had talked with the source numerous times and may have talked to him more than once on the day the affidavit was prepared. Landrum felt that the tip was a "secondary thing that came through."
Investigator Wayne Hicks testified that during the execution of the warrant, he was stationed in the back part of the property to be searched. He stated that, on his own, he noticed a white Cadillac parked in the woods behind the property; that he smelled marijuana coming from the Cadillac; that he thereupon walked over to the Cadillac, looked in, and saw the marijuana. The marijuana was then seized.
In its order the trial court gave the following reasons for compelling disclosure:
1. The anonymous call referred to in the Search Warrant does not comply with the criteria as a Confidential Informant;
2. The State failed to prove to the Court that they had knowledge of the identity of the caller and/or if he met the criteria of a Confidential Informant by being an upstanding citizen, whom they had reason to believe was truthful and trustworthy and/or if they had used this caller in the past as an Informant;
3. The State failed to prove to the Court that in fact there was a Confidential Informant;
The above-quoted reasons are insufficient to require disclosure and appellees have shown no other legally sufficient basis therefor.
Public policy favors nondisclosure of confidential informants. The general rule is that the State has the privilege of nondisclosure of the identity of a confidential informant, and the burden is on the defendant to show why disclosure should be compelled. Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980); Treverrow v. State, 194 So.2d 250 (Fla. 1967). Florida Rule of Criminal Procedure 3.220(c)(2) provides:

Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
The State is not required to disclose the identity of a confidential informant who merely furnishes the probable cause basis for a search or arrest. Martinez, supra. To effect an exception to the nondisclosure policy, the one seeking disclosure has the burden to show that disclosure is essential to his defense. U.S. v. Toombs, 497 F.2d 88 (5th Cir.1974). The test is one of fairness. Woods v. State, 355 So.2d 437 (Fla. 4th *1155 DCA 1978); McCants v. State, 363 So.2d 362 (Fla. 1st DCA 1978). The motion for disclosure or the evidence must show that the informant's testimony is relevant and material to the establishment of the defense which the defendant has or proposes to present. Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975). Among the relevant factors to be considered in determining whether disclosure of the identity of an informant is material and essential to a fair determination of the case are: whether the informant was an active participant in the offense, possible significance of the informant's testimony, whether it is necessary for the prosecutor to refer to the informant in the presentation of his case, and whether there is independent evidence of the accused's guilt. Hawkins; Woods; Treverrow; Rowell v. State, 382 So.2d 886 (Fla. 1st DCA 1980).
In the motion for disclosure, respondents' counsel asserted two grounds: (1) that because the tip provided probable cause for the search warrant affidavit, the name of the confidential informant should be disclosed; and (2) the informant was an active participant in the offense since he made a phone call, and, therefore, his name should be disclosed. Respondents made no argument before the trial court that disclosure of the informant is essential and material to their defense. Their assertion of that fact on appeal is merely conjectural and does not amount to such a showing. Compare Toombs. Thus, respondents have fallen far short of the burden placed upon them to overcome the privilege of nondisclosure.
Petition for certiorari is granted and the trial court's order granting the motion for disclosure of the confidential informant is quashed.
MILLS and SHIVERS, JJ., concur.