567 So.2d 982 (1990)
STATE of Florida, Petitioner,
v.
Terry Lee HARKLERODE, Respondent.
No. 90-1187.
District Court of Appeal of Florida, Fifth District.
October 4, 1990.
*983 Bradley E. King, State Atty., and Paul R. Norville, Asst. State Atty., Inverness, for petitioner.
Howard H. Babb, Jr., Public Defender, and David J. Tarbert, Asst. Public Defender, Inverness, for respondent.
COBB, Judge.
The state seeks review by certiorari of the circuit court's order requiring disclosure of the identity of a confidential informant, claiming that the order is a departure from the essential requirements of law for which there would be no remedy on appeal.[1] We agree and quash the lower court's order.
The defendant, Terry Lee Harklerode, is charged with possession of cocaine. After a confidential informant alerted a deputy sheriff that drugs were being sold at a certain residence, and while that residence was under surveillance, the defendant was observed driving away from the premises in a vehicle without taillights. The car was stopped for this traffic infraction and a subsequent search of the vehicle revealed cocaine. A motion to suppress the cocaine, alleging a lack of probable cause for the stop, was denied. Defendant then filed a motion to disclose the identity of the confidential informant. Although the motion, as amended, was signed by the defendant, there was no statement that the facts alleged were true and correct. The state moved to strike the motion for that reason, and because the defendant failed to establish that the disclosure was necessary to a viable defense. Alternatively, the state argued that an in camera hearing should be held, a procedure also sought in the defendant's motion for disclosure. However, without holding an in camera hearing or taking any evidence, the trial court denied the state's motion to strike and granted the defendant's motion for disclosure.
The seminal case on compelling the disclosure of a confidential informant's identity is Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The Court in Roviaro acknowledged the existence of a governmental privilege to withhold disclosure of the identity of persons furnishing information regarding crimes, noting that the purpose of the privilege is "[t]he furtherance and protection of the public interest in effective law enforcement." Id. at 59, 77 S.Ct. at 627. However, the privilege is limited by the fundamental requirements of fairness:
Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege must give way.
Id. at 60-61, 77 S.Ct. at 628. The determination of when disclosure is justified calls for balancing of the public interest in protecting the flow of information against the individual's right to prepare his defense, *984 which depends on the circumstances in each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors. Id. at 62, 77 S.Ct. at 628-629.
In Treverrow v. State, 194 So.2d 250 (Fla. 1967), the Florida Supreme Court incorporated the Roviaro standard, also noting that since the state has the privilege of nondisclosure, the burden is on the defendant claiming an exception to the rule to show why he is entitled to disclosure. See also State v. Hassberger, 350 So.2d 1, 2 (Fla. 1977) (where disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to the fair determination of the cause, the privilege must give way).
When a defendant seeks disclosure because a confidential informant's identity or communications are allegedly relevant and helpful to his defense, the defendant must allege a legally recognized defense to the crime charged and support the defense with sworn evidence. State v. Zamora, 534 So.2d 864 (Fla. 3rd DCA 1988). See also State v. Pautier, 548 So.2d 709, 711 (Fla. 3d DCA 1989) (disclosure is warranted where defendant asserted a legally recognized defense and supported the defense with sworn proof).
Alternatively, where the defendant seeks disclosure claiming it is essential to the fair determination of the case, the focus is on general due process concerns. See State v. Zamora, 534 So.2d at 868. Disclosure on this ground has been consistently denied by the Florida courts where the confidential informant acted as a mere "tipster" or merely provided police with probable cause for a search or arrest. See, e.g., Treverrow v. State, supra (one factor to be weighed in determining disclosure is whether informant merely supplied lead); State v. Hernandez, 546 So.2d 761 (Fla. 2d DCA 1989) (disclosure of confidential informant who merely furnished probable cause for search or arrest not required); State v. Acosta, 439 So.2d 1024 (Fla. 3d DCA 1983) (fact that informant provided good cause for arrest not sufficient to overcome privilege of nondisclosure); State v. White, 418 So.2d 411 (Fla. 2d DCA 1982) (state is privileged to refuse to disclose identity of confidential informant whose information was relied on to establish probable cause); State v. Kirksey [Chamblin], 418 So.2d 1152 (Fla. 1st DCA 1982) (state not required to disclose identity of confidential informant who merely furnishes probable cause for search or arrest); Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980) (factor to be considered in determining whether disclosure is required is whether informant merely supplied a lead).
Regardless of whether disclosure is sought because it is necessary to a defense or on due process grounds, the burden is clearly on the defendant to establish an exception to the nondisclosure privilege. See Treverrow v. State, supra; State v. Hernandez, supra; State v. Zamora, supra; State v. Montalvo, 428 So.2d 695 (Fla. 2d DCA 1983); State v. Thennes, 422 So.2d 46 (Fla. 4th DCA 1982); State v. White, supra; Elkins v. State, supra. The state argues that the defendant in this case failed to meet that burden when he filed an unsworn motion. Although Rule 3.220, Florida Rules of Criminal Procedure, does not specifically require that a motion to disclose a confidential informant's identity be sworn, in order to sustain the burden of overcoming the nondisclosure privilege, a defendant must not only allege a legally cognizable motion, but must also support the defense with sworn evidence. See, e.g., State v. Pautier, supra (disclosure is warranted when defendant asserts a legally recognized defense and supports the defense with sworn proof); Garcia v. State, 548 So.2d 284 (Fla. 3d DCA 1989) (in camera review required when defendant files a sworn motion or affidavit); State v. Zamora, supra (disclosure only ordered where defendant asserts a legally recognizable defense, supported by sworn proof); Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978) (before defendant establishes right to in camera review, defendant must at least swear to the facts upon which the motion for disclosure is based).
*985 Even assuming an unsworn motion is sufficient to support disclosure, in this case the defendant failed to overcome the state's privilege of nondisclosure. Defendant claimed in his motion that he gave a ride to a stranger on the day preceding his arrest and that the stranger, who may have been the confidential informant, entrapped him by leaving drugs in defendant's car, or alternatively, that defendant had no knowledge of the drugs allegedly left in the car by the stranger. The state responded that the investigating deputy would testify that the confidential informant could not have been the stranger who rode in defendant's car (and therefore could not have entrapped defendant or left the drugs in the car) since the deputy and the confidential informant were together at the relevant time, working on another investigation. In other words, the confidential informant has an alibi which would have been presented to the court if an in camera hearing had been ordered. Since the confidential informant was not the stranger who rode in the defendant's car, his testimony clearly would not be relevant or material to the two defenses presented in the unsworn motion,[2] nor would the absence of the informant's identity in any way interfere with defendant's right to a fair trial.
Finally, even if the defendant's motion had been technically correct and sufficient to meet the burden of establishing an exception to the nondisclosure rule, the proper procedure would have been for the court to hold an in camera hearing. See, e.g., State v. Pautier, supra (once a legally recognized defense had been alleged and supported, the proper procedure would be to hold an in camera hearing); Garcia v. State, supra (trial court required to conduct in camera hearing when defendant files sworn motion alleging facts demonstrating the necessity for disclosure); State v. Zamora, supra (even when technically deficient, if motion comes close to establishing right to disclosure, in camera review is required to determine if the confidential informant's testimony would be helpful to the defense); State v. Acosta, supra, (appropriate procedure once motion alleges specific defense and facts to support defense showing testimony of confidential informant is essential is to hold in camera proceeding); State v. Williams, 369 So.2d 416 (Fla. 3d DCA 1979) (even where defendant makes initial showing of need, court erred in ordering disclosure without first conducting in camera hearing to determine whether disclosure would be valuable and material to the defense). The failure of the trial court to hold such an in camera hearing, despite the fact that both the defendant's motion and the state's response acknowledge the correctness of such a procedure, is a clear departure from the essential requirements of law.
In Elkins v. State, supra, this court adopted the reasoning underlying the nondisclosure privilege outlined in State v. Hardy, 114 So.2d 344 (Fla. 1st DCA 1959):
It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render helpless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances.
Because the disclosure of the identity of a confidential informant invades an important governmental privilege and implicates the public's interest in effective law enforcement, a defendant must first establish by sworn motion, or through testimony and evidence, that disclosure of the confidential informant's identity, or the contents of his communication, is necessary to a legally recognized defense raised by the defendant *986 and supported by specific sworn facts, or that the information is essential to a fair determination of the case. Once the defendant has met this initial burden, then an in camera hearing should be held to determine if, in fact, the disclosure would be valuable and material to the defense. Since the defendant in this case failed to meet his initial burden, no in camera hearing was required and the motion for disclosure should have been denied. Having failed to apply the correct standard, the trial court departed from the essential requirements of law and the order requiring disclosure of the confidential informant's identity is quashed.
PETITION GRANTED, WRIT ISSUED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Jurisdiction is proper pursuant to Article V, § 4(b)(3), Florida Constitution, and Rule 9.030(b)(2)(A), Florida Rules of Appellate Procedure.
[2] The state also argues that entrapment is not a defense to mere possession of drugs, citing to Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978), which relied on English v. State, 301 So.2d 813 (Fla. 2d DCA 1974). However, in Cooper v. State, 378 So.2d 793 (Fla. 2d DCA 1979), the court held that English stood only for the proposition that under the facts of that particular case, entrapment could not be a defense to possession, and not for the broad principle that entrapment could never be a defense to possession.