577 So.2d 610 (1991)
STATE of Florida, Appellant,
v.
Douglas Charles MASHKE, Jr., Appellee.
No. 90-02303.
District Court of Appeal of Florida, Second District.
March 13, 1991.
Rehearing Denied April 12, 1991.
*611 Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellant.
Jack McGill of Law Offices of R. Jackson McGill, P.A., Venice, for appellee.
PER CURIAM.
The state appeals the trial court's dismissal of its information against Douglas Mashke. The trial court dismissed the charges after the state refused to reveal the identity of the confidential informant at a scheduled in camera hearing. We reverse.
The state charged Douglas Mashke with possession of cocaine, cannabis, and drug paraphernalia. The search warrant affidavit, sworn to by Detective Ross, alleged that he was contacted on three different occasions by a reliable confidential informant. The confidential informant stated to him that marijuana was being sold on a regular basis by Douglas Mashke at his residence, that the confidential informant had seen Douglas Mashke smoke marijuana, and that the confidential informant had seen what appeared to be cocaine in the residence. The affidavit alleged the reliability of the confidential informant had been confirmed by Detective Selser.
Defense counsel deposed Ms. Bergstressor, who defense counsel believed to be the confidential informant. Ms. Bergstressor's ex-husband Don Mashke is the uncle of the defendant, Douglas Mashke. Ms. Bergstressor testified she had seen Detective Ross on one occasion when he asked her whether she knew of any drug activity in the Mashke family. She testified she did not say anything to him about marijuana at Douglas Mashke's home. She denied supplying Detective Ross with any information and denied being a confidential informant. She had assisted Detective Selser in the past with narcotics cases.
After the deposition, defense counsel filed an unsworn motion to compel the disclosure of the confidential informant alleging that counsel had reason to believe Ms. Bergstressor was the confidential informant, that she had provided information to Detective Selser ten years ago, and that she denied giving Detective Ross any information. The motion alleged that because the statements made in the search warrant affidavit were misleading, "the only way that the defendant can adequately prepare the defense in this cause is to have the identity of the confidential informant revealed." The motion did not allege any defense.
At the hearing on the motion to compel disclosure, defense counsel argued that if Ms. Bergstressor was the confidential informant, then the search warrant affidavit was based on false allegations. Defense counsel relied on the deposition of Ms. Bergstressor and the search warrant affidavit. The state asserted that it did not intend to call Ms. Bergstressor as a witness at any hearing or at the trial. The state argued that the motion was defective and even if it were sufficient, disclosure was not required because the confidential informant only provided information for probable cause for the search warrant. The trial court ordered the confidential informant be *612 disclosed at an in camera hearing. When the state refused, the trial court dismissed the information.
Absent allegations of a specific defense sought to be established through the confidential informant, the privilege of nondisclosure must not be invaded. State v. Davila, 570 So.2d 1035 (Fla. 2d DCA 1990); State v. Hernandez, 546 So.2d 761 (Fla. 2d DCA 1989). A bare allegation that the defendant cannot prepare his case without disclosure is insufficient. Davila; Hernandez. Mere speculation that the confidential informant's testimony would be useful is insufficient. State v. Carnegie, 472 So.2d 1329 (Fla. 2d DCA 1985). Not only must a specific defense be alleged, but the defense must be supported by sworn proof. Davila; State v. Harklerode, 567 So.2d 982 (Fla. 5th DCA 1990); State v. Zamora, 534 So.2d 864 (Fla. 3d DCA 1988). The defendant carries the burden of establishing the defense and its sworn basis. Zamora.
If the state does not intend to call the confidential informant as a witness, the confidential informant must not be revealed absent an infringement of the defendant's constitutional rights. Fla.R.Crim.P. 3.220(g)(2). We must therefore consider whether disclosure of the confidential informant was essential to a fair determination of the case. Zamora. An in camera hearing is inappropriate when determining whether disclosure is essential for a fair determination of the cause because the inquiry has nothing to do with the substance of the testimony of the confidential informant. Zamora. Where the confidential informant supplied police with only information establishing probable cause for a search, disclosure is not required. Hernandez; State v. White, 418 So.2d 411 (Fla. 2d DCA 1982); State v. Chamblin, 418 So.2d 1152 (Fla. 1st DCA 1982).
Because the motion and sworn factual basis were insufficient to warrant an in camera hearing and because the confidential informant provided probable cause information only, the order requiring the confidential informant's disclosure should not have been entered. We, accordingly, reverse the order dismissing the charges entered as a result of the state's refusal to comply with the disapproved disclosure order and remand for reinstatement of the charges and for further proceedings. If, on remand, the state changes its position with respect to calling the confidential informant as a witness, the defendant may seek disclosure again.
Reversed and remanded.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.