PETERSON, Chief Judge.
The state of Florida seeks certiorari review of the trial court’s order which requires the state to submit Crimeline information for in camera review after the state removes or conceals the identity of callers. Crimeline is a program which allows anonymous or identified persons to supply police agencies with information regarding criminal activity. In this case, the four male co-defendants, accused of fatally beating a young woman, moved to compel discovery of “[a]ny and all written records from any source concerning any anonymous crime line tips concerning any aspect of the charges at issue.” The unsworn motion did not assert any grounds in support of the request. The motion was made after a police officer stated in his deposition that possibly one hundred phone calls had been received relative to the crime for which the defendants had been charged. The officer revealed the names of a few of the informants but indicated that, because the murder might have been gang-related, most of the Crimeline callers feared reprisal if they were identified.
We need not repeat at length the procedure required to be followed by the defense in seeking production of the names of confidential informants and the information supplied by them. This privilege of nondisclosure and its rationale are set forth in State v. Harklerode, 567 So.2d 982 (Fla. 5th DCA 1990). See also Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). It is sufficient to say that in this ease the defendants’ motion failed to come close to the requirement of asserting grounds that would show that disclosure of identities or of the contents of the communications is relevant and helpful to the defense of the accused, or is essential to a fair determination of the cause. Harklerode, 567 So.2d at 983.
We grant the state’s petition and quash the order compelling discovery except as to those records which directly relate to the individuals revealed in the police officer’s deposition commencing at 10:36 a.m. on February 8,1995.
PETITION GRANTED.
GRIFFIN and THOMPSON, JJ., concur.