985 So.2d 642 (2008)
STATE of Florida, Petitioner,
v.
Alexander BURGOS, Respondent.
No. 2D07-5778.
District Court of Appeal of Florida, Second District.
June 27, 2008.
*643 Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Petitioner.
Eric John Kuske, Tampa; and David T. Weisbrod, Tampa, for Respondent.
ALTENBERND, Judge.
The State seeks certiorari review of a circuit court order requiring it to disclose the identity of a confidential informant who assisted in developing the evidence used to obtain a search warrant for an apartment. The contraband seized in the search resulted in the State charging Alexander Burgos with trafficking in heroin and grand theft of a firearm. The State does not intend to call the informant as a witness at trial. During pretrial discovery, however, Mr. Burgos demanded access to the informant in order to challenge the propriety of the issuance of the warrant.
We conclude that the circuit court departed from the essential requirements of law in ordering the disclosure of the informant's identity. As a general rule, an informant's identity need not be disclosed when the informant's sole role is to provide probable cause in support of a search warrant. See State v. Devoid, 706 So.2d 924, 925 (Fla. 2d DCA 1998); State v. Mashke, 577 So.2d 610, 612 (Fla. 2d DCA 1991). Even if Mr. Burgos were able to make a claim that overcame this general rule, the circuit court would first be required to conduct an in camera hearing to determine whether the informant had information essential to a fair determination of the cause at issue. See McCray v. State, 730 So.2d 817, 817 (Fla. 2d DCA 1999); State v. Roberts, 686 So.2d 722, 723 (Fla. 2d DCA 1997); State v. Zamora, 534 So.2d 864, 871 (Fla. 3d DCA 1988). Accordingly, we grant the petition for writ of certiorari and quash the order of the circuit court requiring disclosure of the identity of the informant.

I.
The relevant search warrant was obtained based on an investigation by the Hillsborough County Sheriff's Office. The informant played a significant role in that investigation. According to the detective's affidavit used to obtain the search warrant, the informant contacted the detective during the week of October 17, 2004, and advised him that Mr. Burgos was storing and selling heroin in an apartment. The informant claimed that he or she regularly purchased heroin from Mr. Burgos at this apartment. According to the detective's *644 affidavit, he determined that the apartment's utilities were registered in the name of someone other than Mr. Burgos.
The detective's affidavit described a controlled buy in which the informant purchased heroin in the apartment from a man identified as Mr. Burgos. Although the detective did not personally witness the controlled buy, the informant provided the detective with the heroin he or she allegedly purchased. The affidavit also explained that the informant had provided accurate information in prior narcotics investigations.
The search warrant for the apartment was issued on October 21, 2004, and executed that same day. Our record does not contain any deposition or affidavit explaining the events that occurred when the warrant was executed, but based upon the contents of the motion to disclose confidential informant and the transcript of the hearing on that motion, we assume that when the deputies executed the warrant they located Mr. Burgos in the apartment with the illegal drugs and the relevant firearm.

II.
As we recently explained in State v. Borrego, 970 So.2d 465 (Fla. 2d DCA 2007):
The State has a limited privilege to withhold the identity of persons who provide law enforcement officers with information about criminal activity. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Because the State has the privilege of nondisclosure, the burden is on the defendant claiming an exception to the rule to show why he is entitled to disclosure. Treverrow v. State, 194 So.2d 250, 252 (Fla.1967). The State's privilege of nondisclosure may be overcome when an informant's identity or the content of the informant's communication would be relevant and helpful to a specific defense or when disclosure is "essential to a fair determination of the cause at issue." McCray v. State, 730 So.2d 817, 817 (Fla. 2d DCA 1999); see Fla. R.Crim. P. 3.220(g)(2).
When asserting that disclosure of information is necessary to establish a specific defense, "[t]he defendant must make a preliminary showing of the colorability of the defense prior to disclosure." State v. Hernandez, 546 So.2d 761, 762 (Fla. 2d DCA 1989); see Harris v. State, 939 So.2d 338 (Fla. 4th DCA 2006), review dismissed, 946 So.2d 1070 (Fla.2006). The defendant must not only allege a legally cognizable defense, but he or she must also support the defense with sworn evidence. State v. Davila, 570 So.2d 1035, 1038 (Fla. 2d DCA 1990) (holding that the defendant failed to establish by sworn proof that disclosure of the confidential informant's identity was necessary to a legally recognized defense). "A bare allegation that the defendant cannot prepare his case without disclosure is insufficient." State v. Mashke, 577 So.2d 610, 612 (Fla. 2d DCA 1991).
Id. at 467 (footnote omitted).
Mr. Burgos' motion was not supported by evidence and recites essentially the same information provided in section I of this opinion. He has not identified any specific defense for which he needs the testimony of the informant. It appears that he wishes to know the identity of the informant in order to challenge the content of the detective's affidavit in support of the search warrant. He is hoping, without any evidentiary basis, that the informant either does not exist or will not confirm that he or she engaged in the controlled buy described in the detective's affidavit. Obviously, if Mr. Burgos could establish that *645 the information supplied by the detective in the affidavit was fraudulent, he would have a basis to seek to suppress dispositive evidence. See, e.g., Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); Johnson v. State, 660 So.2d 648, 656 (Fla.1995).
Mr. Burgos explains that he is "not unaware or unmindful" of this court's holding in Mashke, 577 So.2d at 612, that "[a] bare allegation that the defendant cannot prepare his case without disclosure is insufficient" and that he bears the burden of asserting a specific defense supported by sworn proof. But he argues that Mashke and other similar cases do not give sufficient consideration to the requirement that an informant must be disclosed when disclosure is essential to a fair determination of the cause at issue. Mr. Burgos at least suggests that he is caught in a Catch-22 where he cannot provide factual evidence against the detective supporting a theory of fraud without first deposing the informant and that he cannot depose the informant unless he already has evidence of fraud. We do not have enough evidence in this record to evaluate that claim, although to the extent that the informant claims that he or she purchased drugs directly from Mr. Burgos only days before this search, one might suspect that Mr. Burgos could provide evidence that refuted the affidavit if such evidence existed.[1]
It may be that some of the language in the case law suggests too bright a line in favor of the State on the issue of nondisclosure. Nevertheless, there can be no dispute that the defendant carries the burden of establishing an exception to the limited privilege provided to the State concerning the nondisclosure of informants. In this case, Mr. Burgos provided neither allegations nor evidence that the detective falsified evidence in his affidavit in support of the search warrant. Mr. Burgos has provided nothing to suggest that disclosure is essential to a fair determination of the cause at issue. This case fits squarely within the well-established rule that "mere speculation" or a "bare allegation" is insufficient to justify disclosure of the identity of a confidential informant. See Mashke, 577 So.2d at 612.
In prior cases, we have never required immediate disclosure of an informant's identity based solely on an argument that the failure to reveal the identity resulted in a Catch-22. We have, however, allowed or even required the State to produce the informant for an in camera hearing at which the trial court could evaluate whether disclosure of the informant was essential to a fair determination of the cause. See McCray, 730 So.2d at 818; Roberts, 686 So.2d at 723; see also Simmons v. State, 887 So.2d 1283 (Fla.2004) (discussing consequences for state's failure to produce informant for in camera hearing regarding the disclosure of the informant's identity). Such a hearing occurs without the presence of the defendant and prevents the defendant from discovering the identity of the informant. Admittedly, this procedure does not give the defendant full rights of confrontation, but it balances the needs of the defendant to develop evidence related to his Fourth Amendment rights against an informant's legitimate safety concerns.
The record before this court does not support the need for an in camera hearing at this time. We do not, however, rule out the possibility that Mr. Burgos could file a revised motion supported by evidence sufficient *646 to justify such an in camera hearing.
Petition granted; order quashed.
CANADY and LaROSE, JJ., Concur.
NOTES
[1] In the context of a motion to suppress, Mr. Burgos could have provided such evidence without waiving his Fifth Amendment privilege for purposes of trial. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).