BERGER, J.
The State of Florida petitions for a writ of certiorari directed at the trial court’s non-final form order, rendered on July 18, 2013, requiring the State to disclose the identities of three confidential informants who supplied information used by the Oca-la Police Department in the application for a wiretap. The State claims that the order is a departure from the essential requirements of the law, resulting in irreparable harm for which there is no remedy on appeal. We agree and quash the order under review.

Background

Agent Sams of the Ocala Police Department suspected that Todd Shevan Williams (Williams) and a number of his cohorts, including his roommate, Sharmark Powell (Powell), were confederates in a drug trafficking organization that distributed large quantities of controlled substances in Marion and Citrus Counties. Based in part on information supplied by three confidential informants, Agent Sams filed an Application for an Order Authorizing Interception of Wire, Oral and Electronic Communications pursuant to section *1128 934.08, Florida Statutes. The application sought the interception of communications occurring to and from a certain telephone number that was believed to be utilized by Williams (“Target Telephone One”).
The three confidential informants, none of whom were aware of the other’s cooperation with law enforcement, were each interviewed by Agent Sams. All three were said to have personal knowledge of Williams’ and Powell’s nefarious activities. Specifically, Confidential Source One referred to Powell as Williams’ “right hand man” in the drug distribution ring, and stated that Powell lives with Williams and sells/distributes controlled substances for Williams in lieu of rent. Confidential Source Two was alleged to have completed a controlled buy from Williams and Powell in August 2012.
The wiretap application was granted by the circuit court. Thereafter, based on information uncovered as a result of the wiretap investigation, the State charged Powell, along with sixteen of his confederates, with various criminal offenses.[1]
In his motion to compel disclosure of the confidential informants, Powell alleged that Agent Sams used “unreliable and seemingly fabricated information provided by these three informants” to create probable cause for a wiretap after Agent Sams admitted that he had exhausted every reliable investigative police strategy to unravel the suspected scheme.[2] He further alleged that failure to require disclosure of the confidential informants’ identities would infringe on his rights to confrontation, due process, and compulsory process, claiming:
[T]he CIs’ integral involvement in establishing probable cause for the application to intercept the communications of a criminal enterprise of which Mr. Powell is alleged to participate in prior to the police arrest of the defendant and search of the defendant’s home require disclosure. Only the CIs can testify on these issues and on the issue of whether his information supported probable cause for the application to intercept communications.
Disclosure of the CIs is required, since they were the sole persons who made the allegations that were used to obtain a wiretap for a previously failed investigation.
*1129 [Disclosure of the identities of the CIs is required to prevent the infringement of the Defendant’s rights to confrontation and due process as guaranteed by Article I, Sections 9 and 16 of the Florida Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and to prevent the unreasonable search of the Defendant or his property, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.
At the hearing on his motion, Powell acknowledged that two of the informants were “not necessarily material witnesses.” Powell’s counsel, however, argued that Confidential Informant Two was “without question a material witness,” as he was used to purchase cocaine from Powell. Powell’s counsel questioned the veracity of Agent Sams and argued that he could not ascertain the truth of the assertions in Agent Sams’ application if he could not depose the three confidential sources.
In response, the State argued that it had no duty to disclose the three confidential informants because they were not material witnesses to the events underlying the charges and would not be offered as witnesses at trial.[3] The State also noted that Powell’s motion was legally insufficient because it was not sworn.
Without discussing whether the defense overcame the requisite hurdles, the trial court orally granted the motion and denied the State’s request for an in-camera proceeding.[4]
Court: Grant the defendant’s motion for disclosure of the three confidential informants, finding that the constitutional rights of the accused could be substantially infringed by nondisclosure, okay.
State: I’d ask, Your Honor, that we be allowed to do the in-camera proceeding before full disclosure of the confidential informants?
Court: I don’t want to get drawn into this. I know that there’s an allowance for that, but then again, you want me to get recused off the case if what happens to — they’re asking for in-camera. Why do they have the in-camera rule if I don’t do it, I’m thinking out loud. My first reaction is to say no because I want to call it straight down the middle. I don’t want to be accused of assisting the state or the defense. I want to be objective.[5]
The State’s timely filed petition for writ of certiorari followed.

Discussion

In the murky world of drug dealing, the police use confidential informants to gain access to the dealers. United States v. Mills, 710 F.3d 5, 13 (1st Cir. 2013); see Harrington v. State, 110 So.2d 495, 497 (Fla. 1st DCA 1959) (“It is common knowledge that without the aid of *1130 confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement.”)- Snitching is dangerous work; confidential informants often put their lives on the line when cooperating with law enforcement. See e.g., Mills, 710 F.3d at 13. For this reason, confidentiality is key. Id. Accordingly, the State generally has the privilege of withholding the identity of a confidential informant. See Fla. R. Crim. P. 3.220(g)(2);[6] “The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.” Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). “The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.” Id. The privilege of nondisclosure is based on sound public policy and has long been recognized by the courts for reasons such as “ ‘[t]he alarming fact that the underworld often wreaks vengeance upon informers [and] would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances.’” See Elkins v. State, 388 So.2d 1314, 1316 (Fla. 5th DCA 1980) (quoting State v. Hardy, 114 So.2d 344, 346 (Fla. 1st DCA 1959)). This privilege, however, is not absolute, and must yield in two instances: (1) when the confidential informant is to be produced at a hearing or trial, or (2) where the failure to disclose the informant’s identity will infringe upon the constitutional rights of the defendant. Fla. R. Crim. P. 3.220(g)(2). The second prong set forth in Florida Rule of Criminal Procedure 3.220(g)(2) incorporates two components, either one of which, if satisfied, will require disclosure. First, the privilege of nondisclosure must yield where the informant’s identity is relevant and helpful to the defense of the accused; and second, it must yield where the identity is essential to a fair determination of the cause at issue. Simmons v. State, 887 So.2d 1283, 1284 (Fla.2004) (citing Roviaro, 353 U.S. at 60-61, 77 S.Ct. 623).
As the State holds the privilege of nondisclosure of the identity of its confidential informants, the burden is placed upon defendants, like Powell, claiming an exception to the rule to establish why the exception should be invoked. Treverrow v. State, 194 So.2d 250, 252 (Fla.1967); State v. LaBron, 24 So.3d 715, 717 (Fla. 4th DCA 2009) (“If the Cl’s identity is to be disclosed, it is the defendant who has the burden of showing why an exception to the rule of nondisclosure applies.”). Because none of the confidential informants are set to testify at a hearing or trial, as they are not material witnesses, the first exception to the privilege of nondisclosure is unavailable to Powell. Thus, disclosure is only required if Powell establishes either that the disclosure of the informants’ identities is relevant to his defense or essential to a fair determination of the cause at issue. See Roviaro, 353 U.S. at 60-61, 77 S.Ct. 623.
Powell asserted below that disclosure should be compelled to preserve his constitutional rights because the identities of the informants are essential to proving his defense of an illegal wiretap. He also alleged that Confidential Source Two is *1131 “without question a material witness” as he was used to purchase cocaine from Powell, which gave rise to the possession of cocaine charge lodged against him.[7]
“When a defendant seeks disclosure because a confidential informant’s identity or communications are allegedly relevant and helpful to his defense, the defendant must allege a legally recognized defense to the crime charged and support the defense with sworn evidence.” State v. Harklerode, 567 So.2d 982, 984 (Fla. 5th DCA 1990). Bare, unsubstantiated allegations by counsel that the defense would be hampered without disclosure are insufficient. State v. Mashke, 577 So.2d 610, 612 (Fla. 2d DCA 1991). Accordingly, in the absence of sworn allegations of a legally cognizable defense, a trial court is without authority to order disclosure. See State v. Titus, 70 So.3d 763, 763-64 (Fla. 4th DCA 2011) (granting certiorari relief as the trial court never considered sworn allegations before granting defendant’s motion to disclose the identity of a confidential informant); State v. Davila, 570 So.2d 1035, 1038 (Fla. 2d DCA 1990) (“The defendant must make a preliminary showing of the colorability of the defense prior to disclosure .... A bare allegation that failure to disclose would impede the ability to prepare a defense is not sufficient to require disclosure; the defense must be supported by sworn proof.” (citation omitted)); State v. Zamora, 534 So.2d 864, 868 (Fla. 3d DCA 1988) (providing that “Florida courts have ordered the disclosure of a confidential informant only in cases where the defendant asserted a legally recognized defense to the crime charged, supported that defense with sworn proof, and showed that the confidential informant was a material witness to this defense”). Here, as the State correctly argues, Powell not only failed to swear to the facts upon which his motion to disclose is based, but failed to offer sworn evidence of a legally cognizable defense. As such, Powell failed to carry his burden of establishing his defense by sworn proof.[8]
We now address whether Powell met his burden of establishing that disclosure is relevant to the fair determination of the cause. We conclude he did not, as neither the motion nor argument at the hearing provided a basis for disclosure under this exception.
In his motion, Powell made the concluso-ry allegation that the disclosure of the confidential informants’ identities is essential to the fair determination of the case, since the “informants provided the probable cause for an application for an extensive and prolonged wiretap,” placing the confidential informants in the “exclusive position of being able to either corroborate or contradict the defendant on certain salient factual points to be alleged in a motion to suppress hearing.” This argument, however, is contrary to the wide range of authority holding that an informant need not be identified merely to verify probable cause for a warrant. See Harklerode, 567 So.2d at 984 (disclosure consistently denied where confidential informant acted as a tipster or merely provided police with probable cause for a search warrant or an arrest); see also State v. Burgos, 985 So.2d 642, 643 (Fla. 2d DCA 2008) (“As a general *1132 rule, an informant’s identity need not be disclosed when the informant’s sole role is to provide probable cause in support of a search warrant.”); Mashke, 577 So.2d at 612 (where State does not intend to call the confidential informant as a witness, the disclosure of the confidential informant’s identity, who only supplied police with information establishing probable cause for a search warrant, is not essential to a fair determination of the case); State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985) (“ ‘[M]ere speculation as to the usefulness of the informant’s testimony to the defendant is insufficient to justify disclosure of his identity.’” (quoting United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir.1977))); State v. Chamblin, 418 So.2d 1152, 1154 (Fla. 1st DCA 1982) (“The State is not required to disclose the identity of a confidential informant who merely furnishes the probable cause basis for a search or arrest.”).
Powell’s entire argument for disclosure rests on his suspicion, unsupported by any sworn evidence, that the wiretap application was fraudulent, and that he is entitled to access to the confidential informants in order to develop his theory of defense and gain ammunition to attack the validity of the wiretap application in a motion to suppress. We reject this argument for the same reasons outlined by our sister court in Burgos, wherein the Second District followed the well-established rule and required more than bare allegations in order to justify invading the State’s privilege of nondisclosure. 985 So.2d at 643-45. In Burgos, the Second District found that the defendant, who sought disclosure of the identity of a confidential informant for the purpose of challenging the propriety of the issuance of a search warrant, failed to meet his burden to establish an exception to the State’s privilege of nondisclosure, because he failed to provide allegations or evidence that the police detective falsified evidence in his affidavit in support of the warrant. Id.
Inasmuch as Powell’s motion failed to assert sufficient grounds to show that disclosure of the identities of the three confidential informants or the contents of their communications is relevant and helpful to his defense or essential to a fair determination of the cause, we hold that the trial court’s order requiring disclosure departed from the essential requirements of the law. Accordingly,- we grant the State’s petition and quash the order compelling disclosure of the confidential informants.[9]
PETITION GRANTED.
PALMER and LAMBERT, JJ., concur.

. Nineteen charges were lodged against Powell: racketeering (Count Two); conspiracy to commit racketeering by selling, purchasing, manufacturing, delivering, bringing into the state, or having in his actual or constructive possession Oxycodone (14-28 grams), Hydro-morphone (14-28 grams), Morphine (more than 4 grams) and Alprazolam (Count Three); Conspiracy to Commit Trafficking in Oxyco-done (Counts Five, Eight and Thirty-Two); Conspiracy to Commit Trafficking in Hydro-morphone (Count Six); Conspiracy to Commit Possession of Alprazolam with Intent to Sell/Distribute (Count Seven); Conspiracy to Commit Trafficking in Morphine (Count Nine); Driving While License Canceled, Suspended or Revoked (Counts Ten, Fourteen, Twenty-Seven and Thirty-Four); Possession of Alprazolam with Intent to Sell/Distribute (Count Eleven); Trafficking in Oxycodone (Counts Twelve, Sixteen and Thirty-Three); Trafficking in Hydromorphone (Count Thirteen); Trafficking in Morphine (Count Fifteen); and Conspiracy to Commit Manufacture of Methamphetamine (Count Twenty-Two).

. In the wiretap application, Agent Sams asserted that he had exhausted or ruled out other investigative techniques and the only available technique that had a reasonable likelihood of dismantling the drug trafficking organization was intercepting the communications of Target Telephone One. He also asserted that due to the violent nature of Williams’ drug trafficking organization, the police did not feel that infiltrating the organization with a confidential informant or an undercover law enforcement agent was a viable option.

. The State maintains that the confidential informants were not involved in the wiretap itself, did not participate in any conversations intercepted from the wiretap, did nothing beyond providing information to establish probable cause to apply for the wiretap, and were not involved in any of the search warrants or the arrests.

. The felony court order disposition granting "Def [sic] motion to compel disclosure of confidential informants” rendered on July 18, 2013, memorialized the trial court’s oral ruling without further comment or the benefit of a written order.

.The trial judge also interjected his own personal experience with a detective, presumably as support for his ruling. We decline to address this further, except to note that what happened in an unrelated case while the trial judge was a defense attorney is irrelevant to the issue of whether the defendant met his burden in this case to overcome the State’s privilege of nondisclosure.

. Florida Rule of Criminal Procedure 3.220(g)(2) provides: "Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant.”

. This statement is not correct. While it is true that Confidential Source Two was part of a controlled buy in August 2012, no charges resulted from the buy. We note that Powell’s counsel has since conceded that it was error to make such a misleading argument at the hearing.

. We reject Powell’s assertion that he did not need to offer sworn proof because he only sought to use the informants' testimony in support of his defense at a suppression hearing and not at trial.

. The record before us does not support the need for an in camera review.